IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOHN MONROE WILSON,            )
                               )
          Petitioner,          )
                               )
     v.                        )      1:14CR454-2
                               )      1:18CV792
UNITED STATES OF AMERICA,      )
                               )
          Respondent.          )
```

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On May 20, 2015, this Court (per now-retired United States District Judge James A. Beaty, Jr.) entered a Judgment against Petitioner imposing, <u>inter alia</u>, a prison term of 144 months, as a result of his guilty plea to Object 2 of the single-count Indictment, which charged him with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. (Docket Entry 96; <u>see also</u> Docket Entry 1 (Indictment); Docket Entry 47 (Plea Agt.); Docket Entry dated Jan. 22, 2015 (documenting guilty plea); Docket Entry dated Apr. 22, 2015 (documenting sentencing).)[1] Petitioner did not appeal. (<u>See</u> Docket Entries dated Apr. 22, 2015, to present (reflecting no notice of appeal).)

On November 1, 2018, the Clerk docketed a filing (dated as signed by Petitioner on October 25, 2018) entitled "Motion for

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case. In quoting Petitioner's filings, this Recommendation employs standard capitalization conventions.

Relief under the Federal Rules [sic] of Criminal Procedure 52(b)" ("Rule 52(b) Motion"), which alleges:

> Under the Federal Rules of Criminal Procedure, Rule 52(b), a motion can be made at any time to correct a sentencing error. Petitioner had his sentence illegally increased by over 48 months because the government stated [he] was on probation when he committed th[e instant offense]. The enclosed copy of [P]etitioner's early termination documentation evidences that he was in fact not on probation at the time of th[e instant offense], thereby, the [C]ourt's incorrect sentence calculations aggravated [his] sentence by over 48 month's [sic] creating an illegal sentence and a miscarriage of justice.

(Docket Entry 148 at 1 (internal citations omitted).)

Petitioner's time to appeal lapsed on or about June 3, 2015, "upon the expiration of the fourteen-day period for filing a direct appeal [after entry of the Judgment]," United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)). "Because it was intended for use on direct appeal, [Federal Rule of Criminal Procedure 52(b)'s] 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review . . . ." United States v. Frady, 456 U.S. 152, 163-64 (1982).[2] In other words,

---

[2] Petitioner cites two cases for the proposition that, "[u]nder the Federal Rules of Criminal Procedure, Rule 52(b), a motion can be made at any time to correct a sentencing error" (continued...)

Petitioner cannot obtain collateral relief via Federal Rule of Criminal Procedure 52(b). See United States v. Gross, No. 97-6182, 133 F.3d 918 (table), 1997 WL 782937, at *1 (4th Cir. Dec. 22, 1997) (unpublished) ("[The petitioner] also erroneously asserts that he is entitled to relief under Federal Rule of Criminal Procedure 52(b). The plain error rule provided by Rule 52(b) is inapplicable to collateral proceedings.").

Further, contrary to the Rule 52(b) Motion's above-quoted assertion that a finding at sentencing that Petitioner committed the instant offense while on probation increased his prison term by 48 months, a page from his Presentence Report which he attached to another post-conviction motion confirms that his "criminal convictions . . . result[ed] in a subtotal criminal history score of four" (Docket Entry 141 at 4 (reproducing Docket Entry 77 at 16)), such that the addition of two points for "committ[ing] the instant offense while under a criminal justice sentence for Misdemeanor Possession of Drug Paraphernalia" (id.), only raised his "criminal history score [to] six [which] establishe[d] a

---

(...continued)
(Docket Entry 148 at 1): Rosales-Mireles v. United States, ___ U.S. ___, 138 S. Ct. 1897 (2018), and Molina-Martinez v. United States, 578 U.S. ___, 136 S. Ct. 1338 (2016). (See Docket Entry 148 at 1.) Those cases, however, do not support that proposition, as they address only questions about how federal appellate courts must apply Federal Rule of Criminal Procedure 52(b) when reviewing unpreserved sentencing guideline errors raised on direct appeal. See Rosales-Mireles, ___ U.S. at ___ - ___, 138 S. Ct. at 1903-11; Molina-Martinez, 578 U.S. at ___ - ___, 136 S. Ct. at 1341-49.

3

Case 1:14-cr-00454-TDS    Document 169    Filed 06/09/20    Page 3 of 4

criminal history category of III" (id.; see also Docket Entry 164 at 1 (documenting judicial finding at sentencing that Petitioner fell within criminal history category III)).  Finally, as the United States has explained in connection with yet another of Petitioner's post-conviction filings, "regardless of whether the score was four or six, . . . his Criminal History Category . . . remain[ed] III."  (Docket Entry 149 at 6 (citing U.S.S.G. Ch. 5, Pt. A); see also Docket Entry 77 at 28 (reflecting that defense counsel initially "object[ed] to the two point increase [for commission of the instant offense while on probation because Petitioner] . . . complied with all probation conditions," but "acknowledge[d] that notwithstanding [that] objection . . . his criminal history category [wa]s III"); Docket Entry 84 at 1 ("[Petitioner] is withdrawing all objections to the Presentence Report.").)  Petitioner thus cannot show that the Court sentenced him based on an incorrect guideline range.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Rule 52(b) Motion (Docket Entry 148) be denied.

 /s/ L. Patrick Auld  
**L. Patrick Auld**  
**United States Magistrate Judge**

June 9, 2020