# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JOHN MONROE WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CR454-2 |
| | ) | 1:18CV792 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On May 20, 2015, this Court (per now-retired United States District Judge James A. Beaty, Jr.) entered a Judgment against Petitioner imposing, <u>inter alia</u>, a prison term of 144 months, as a result of his guilty plea to Object 2 of the single-count Indictment, which charged him with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 846. (Docket Entry 96; <u>see also</u> Docket Entry 1 (Indictment); Docket Entry 47 (Plea Agt.); Docket Entry dated Jan. 22, 2015 (documenting guilty plea); Docket Entry dated Apr. 22, 2015 (documenting sentencing).)[1] Petitioner did not appeal. (<u>See</u> Docket Entries dated Apr. 22, 2015, to present (reflecting no notice of appeal).)

On July 26, 2018, the Clerk docketed an undated filing entitled "Motion on Civil Procedures [sic] Rule 59(b)" ("Rule 59(b) Motion"), which alleged that:

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case. In quoting Petitioner's filings, this Recommendation employs standard capitalization conventions.

> [Petitioner] was assigned to [Criminal History] Category IV due in part to being on probation for a state of North Carolina charge of Possession of Paraphernalia, [which] resulted in two points being added to [his] criminal history score and raised [his] U.S.S.G. range significantly. . . . [T]he two points [were] added . . . in error. [Petitioner] was release[d] from state probation with all fees payed [sic] in full in 2011.

(Docket Entry 141 at 1; see also Docket Entry 141-1 at 1 (showing post-mark of July 24, 2018, on envelope conveying Rule 59(b) Motion).)[2] The Court (per now-Chief United States District Thomas D. Schroeder) dismissed the Rule 59(b) Motion without prejudice to the filing of a proper motion under 28 U.S.C. § 2255 (on a provided form). (See Docket Entry 147 (adopting Docket Entry 142).)

---

[2] Contrary to the Rule 59(b) Motion's above-quoted assertion that adding two criminal history points for committing the instant offense while on probation elevated Petitioner to criminal history category IV, a page from his Presentence Report attached to the Rule 59(b) Motion confirms that his "criminal convictions . . . result[ed] in a subtotal criminal history score of four" (Docket Entry 141 at 4 (reproducing Docket Entry 77 at 16)), such that the addition of two points for "committ[ing] the instant offense while under a criminal justice sentence for Misdemeanor Possession of Drug Paraphernalia" (id.), raised his "criminal history score [to] six [which] establishe[d] a criminal history category of III" (id.; see also Docket Entry 164 at 1 (documenting judicial finding at sentencing that Petitioner fell within criminal history category III)). Additionally, as the United States has explained, "regardless of whether the score was four or six, . . . [Petitioner's] Criminal History Category . . . remain[ed] III." (Docket Entry 149 at 6 (citing U.S.S.G. Ch. 5, Pt. A); see also Docket Entry 77 at 28 (reflecting that defense counsel initially "object[ed] to the two point increase [for commission of the instant offense while on probation because Petitioner] . . . complied with all probation conditions," but "acknowledge[d] that notwithstanding [that] objection . . . his criminal history category [wa]s III"); Docket Entry 84 at 1 ("[Petitioner] is withdrawing all objections to the Presentence Report.").)

2

Prior to the dismissal of the Rule 59(b) Motion, the Clerk (on September 17, 2018) docketed Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Section 2255 Motion"), which he "declar[ed] . . . under penalty of perjury . . . was placed in the prison mailing system on 9-6-18." (Docket Entry 145, Decl. ¶.) The Section 2255 Motion presented these two grounds for relief (effectively mirroring the Rule 59(b) Motion):

1) "[s]entencing error on criminal histroy [sic] points" (id., ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) ("The government contended that at the time of [Petitioner's] actions [he] was on probation and thereby added two points toward [his] sentence and also raised [his] criminal catagory [sic]. Probation was terminated as of 2011. Therefore this aggravated [his] sentence in violation of Rule 52(b) and is reviewable for plain error.")); and

2) "[i]neffective assistance of counsel for failure to investigate" (id., ¶ 12(Ground Two); see also id., ¶ 12(Ground Two)(a) ("Had [defense] counsel investigated the [Presentence Report] and [Petitioner's] history [defense counsel] would have found the error [raised in Ground One]. Th[at] error aggravated [Petitioner's] sentence to a level that was severely harsher than what should have been established under the correct guidelines sentencing structure. Failure to investigate is quintessential ineffective assistance of counsel.")).

3

The United States has "move[d] the Court to dismiss [the Section 2255 Motion] on the ground that [it] is barred by the one-year limitation period imposed by amendments to [Section] 2255 in the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 (AEDPA)." (Docket Entry 149 at 1.) That provision states that "[a] 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Pursuant to Paragraph (1) of Subsection 2255(f), Petitioner's conviction became final on or about June 3, 2015, "upon the expiration of the fourteen-day period for filing a direct appeal [after entry of the Judgment]," United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)).

4

The ensuing one-year limitation period for claims under Section 2255 then expired on or about June 3, 2016, more than two years before Petitioner first raised a claim regarding his criminal history score in his Rule 59(b) Motion and thereafter filed his Section 2255 Motion repeating that claim while also recasting it as an ineffective assistance of counsel claim (as documented above).

Moreover, Petitioner has not shown that the delayed commencement provisions of Paragraphs (2)-(4) of Subsection 2255(f) apply or that equitable tolling grounds exist. In the paragraph of the Section 2255 Motion that required him to "explain why the one-year statute of limitations as contained in [Section] 2255 d[id] not bar [his Section 2255 M]otion," Petitioner stated only: "I am learning disabled and only recently discovered the error with the assistance of others helping me to investigate. Furthermore, under Rule 52(b), this plain error is reviewable at any time and failure to review would create a miscarriage of justice." (Docket Entry 145, ¶ 18; see also Docket Entry 152 (opposing dismissal of Section 2255 Motion, but raising no arguments as to timeliness under Section 2255(f) or for equitable tolling).)

Those conclusory allegations do not implicate Paragraphs (2) and (3) of Subsection 2255(f) (as even a cursory reading of their plain language confirms) and do not show an inability to discover the pertinent facts at the time of sentencing (as required for statutory tolling under Paragraph (4) of Subsection 2255(f)).

5

Similarly, such "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011); accord Mahoney v. Daniels, No. 5:13HC2188, 2014 WL 4162406, at *4 n.3 (E.D.N.C. Aug. 20, 2014) (unpublished), appeal dismissed, 585 F. App'x 288 (4th Cir. 2014); see also Holland v. Florida, 560 U.S. 631, 649 (2010) (explaining that equitable tolling requires showing that "some extraordinary circumstance . . . prevented a timely filing" (internal quotation marks omitted)); United States v. Frady, 456 U.S. 152, 163-64 (1982) ("Because it was intended for use on direct appeal, [Federal Rule of Criminal Procedure 52(b)'s] 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review . . . ."); United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004) ("[I]gnorance of the law is not a basis for equitable tolling. . . . As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity."); Rouse v. Lee, 339 F.3d 238, 251 (4th Cir. 2003) ("Allowing consideration of the merits of time-barred claims to creep into the equitable tolling analysis lets petitioners effectively circumvent the statute of limitations because the merits of their claims will always be considered.").

In sum, Petitioner's Section 2255 Motion fails as a matter of law due to its untimeliness.[3]

**IT IS THEREFORE RECOMMENDED** that the United States's Motion to Dismiss (Docket Entry 149) be granted and that Petitioner's Section 2255 Motion (Docket Entry 145) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 9, 2020

---

[3] Alternatively, for reasons articulated by the United States (see Docket Entry 149 at 5-6), the Section 2255 Motion lacks merit. Most notably, as detailed in Footnote 2, the addition of two criminal history points for commission of the instant offense while on probation did not alter Petitioner's criminal history category. Accordingly, the Court did not sentence him based on an incorrect guideline range and his defense counsel did not render ineffective assistance by withdrawing the objection to those two points.