IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN MONROE WILSON,               )
                                  )
          Petitioner,             )
                                  )
     v.                           )          1:14CR454-2
                                  )          1:18CV792
UNITED STATES OF AMERICA,         )
                                  )
          Respondent.             )

**<u>ORDER</u>**

On June 9, 2020, and in accordance with 28 U.S.C. § 636(b), the United States Magistrate Judge issued a Recommendation (Doc. 169) ("Rule 52(b) Recommendation") that Petitioner's "Motion for Relief under the Federal Rules [sic] of Criminal Procedure 52(b)" (Doc. 148) be denied, and a separate Recommendation (Doc. 171) ("Section 2255 Recommendation") that Respondent's Motion to Dismiss (Doc. 149) be granted and that Petitioner's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Doc. 145) be dismissed without issuance of a certificate of appealability.  On June 9, 2020, the Clerk mailed copies of those Recommendations to Petitioner.  (<u>See</u> Docs. 170, 172.)  On June 22, 2020, the Clerk docketed a letter motion from Petitioner requesting a 90-day extension in the case, presumably to file objections to the Recommendations.  (Doc. 173.)  The United States Magistrate Judge thereafter denied the letter motion for extension of time,

because Petitioner had not provided good cause for an extension, and because Petitioner's mandamus petition with the United States Court of Appeals for the Fourth Circuit (see Doc. 163) resulted in the Fourth Circuit setting July 6, 2020, for the court to resolve Petitioner's collateral challenges. (Text Order dated June 22, 2020.) Petitioner thereafter signed a "Notice of Appeal" on June 23, 2020 (Doc. 176), seeking to "appeal" only the Rule 52(b) Recommendation, which the Clerk docketed on June 30, 2020, and construed as an objection to that Recommendation.

Petitioner's objection to the Rule 52(b) Recommendation "do[es] not direct the court to a specific error in the [M]agistrate [Judge]'s . . . [R]ecommendation[]," Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections, the court need review the Recommendation only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the Recommendation, Camby v. Davis, 718 F.2d 198, 199–200 (4th Cir. 1983). Notwithstanding Petitioner's failure to lodge specific objections, the court has made a de novo determination in accord with the Rule 52(b) Recommendation and adopts the Magistrate Judge's Rule 52(b) Recommendation. Furthermore, Petitioner has not objected to the Section 2255 Recommendation, and the court has appropriately reviewed and adopts the Section 2255 Recommendation.

2

IT IS THEREFORE ORDERED that Petitioner's "Motion for Relief under the Federal Rules [sic] of Criminal Procedure 52(b)" (Doc. 148) is DENIED, that Respondent's Motion to Dismiss (Doc. 149) is GRANTED, and that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 145) is DISMISSED. A judgment dismissing this action will be entered contemporaneously with this Order.

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

                              /s/    Thomas D. Schroeder
                              United States District Judge


July 10, 2020

3